IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH BROWN, DV-0255,    )<br>    Plaintiff,    )<br>    )<br>    v.    )<br>    )<br>JEFFREY BEARD, et al.,    )<br>    Defendants.    ) | Civil Action No. 05-826 |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion to Dismiss Plaintiff's Second Amended Complaint submitted on behalf of defendant Adam Edelman (Docket No.53) be denied.

II. Report:

Presently before the Court for disposition is a Motion to Dismiss the Second Amended Complaint submitted on behalf of defendant Edelman.

Keith Brown, an inmate at the State Correctional Institution at Fayette has presented a second amended civil rights complaint.[1] In that amended complaint, Brown alleges that he has a mental health problem and has made several suicide attempts; that in retaliation for his not accepting a settlement in another case, defendant Beard directed that he be placed in the Long Term Segregation Unit ("LTSU"); that he explained to defendant Kolli that because of his mental

---

[1] This action was originally commenced in the United States District Court for the Middle District of Pennsylvania. On June 15, 2005, it was transferred to this Court pursuant to 28 U.S.C. 1404(a) since the events about which the plaintiff complains occurred in this District and all but one of the defendants resides in this District. The plaintiff's Second Amended Complaint was filed on October 3, 2005.

health problem he could not be placed in the LTSU and Kolli replied that the Department of Corrections ("DOC") could do anything it wanted to do; that on December 5, 2003,[2] he was placed in the LTSU at which time he explained to defendants Gallucci and Kolli that it was improper to house him in that unit since it is isolated and does not provide psychiatric help; that he explained to Gallucci and Kolli that he was experiencing anxiety attacks and hallucinating and they ignored his pleas; that on June 25, 2003 he again attempted to commit suicide; that despite his pleas, in violation of DOC policy, defendant Kolli refused to house him in the prison hospital; that on June 27, 2003, he was provided a shaving razor by officer Pretrosky and again attempted to commit suicide in front of officers Blakey and Bersy; that when he was returned from the hospital, he was restrained resulting in extreme pain which lasted all night until R.N. Bell called the security personnel to loosen the restraints; that again defendants Kolli and Gallucci refused to move him to the mental health unit of the facility; that he was retained in ths LTSU by defendants Kolli, Gallucci, Maue, Courturier and Beard because he is black; that when Judge Rambo of the Middle District of Pennsylvania inquired as to why he was not being housed in an observation cell, Kolli related that there was no room in the observation cell and as a result Judge Rambo approved his continued housing in the LTSU; that on December 10, 2003, he spoke to defendant Maue and explained his need to be moved to the mental health unit; that on January 1, 2004, he was transferred from Western Penitentiary to the LTSU at Fayette where he was seen by defendants Saavenrda, Gallucci and Yanak to whom he explained his need for alternative housing and who only replied that they could move him to a strip cell within the

---

[2] From the nature of the complaint, it would appear that this housing occurred in 2002 and not 2003 as stated in the second amended complaint.

LTSU; that defendant Courturier along with defendants Maue, Kolli, Gallucci, Yanak, and Saavendra conspired to deprive him of his lithium medication; that defendant Scire delayed and destroyed his grievances over these mental health issues; that defendant Beard had knowledge of these violations and approved their continuation and that defendant Edelman who is the Medical Director of the health service was contacted by the plaintiff about his problems and not only ignored his requests but conspired with the others to deprive the plaintiff of adequate medical attention. These facts are said to state a cause of action under the provisions of 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Section 1331 and 1343 of Title 28, United States Code. Named as defendants here are Jeffrey Beard, Dr. Frederick Maue, Dr. Lance Couturier, Dr. Ravindranath Kolli; Dr. Pete Saavendra, psychologists Gary Gallucci and David Yank, grievance officer Scire and Dr. Adam Edelman who is the director of prison health services for the DOC. Dr. Edelman now moves to dismiss.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

In his complaint, the plaintiff specifically alleges in paragraph 27:

3

>Defendant Adam Edelman was contact by me. He wrote me back about me being deny adequate psychiatric care and other problems. He is the Medical Director of [prison health services] objectively knew that the co-defendant and himself were reckless disregard for my serious medical need. Adam Edelman was involved in these acts of deprivation and they were done with his knowledge and acquiescence to act with deliberate indifference to my serious medical need which he directed and knew of and acquiesced in the deprivation of the plaintiff's constitutional rights. Also Dr. Edelman was involved in my medical treatment or mental health care. He is also responsible by promulgation of policies that resulted in the plaintiff non-treatment which he turn a blind eye to obviously inadequate that resulted in the violation of my constitutional rights. [Prison Health Services] custom of not assessing the plaintiff medical needs promptly hold Adam Edelman for his acts and employees acts for "failure to act" and in advertence training municipal liability which their policy and custom has cause me harm which these defendants own me a duty of care and they breached their duty and that the breach of duty was the proximate cause of a substantial factor in bringing about the harm I suffer...

Because the facts alleged by the plaintiff could conceivably state a cause of action against defendant Edelman, it is recommended that his motion to dismiss be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                           Respectfully submitted,

                                                           s/Robert C. Mitchell,

Entered: October 28, 2005                    United States Magistrate Judge