IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH BROWN,                          )
                    Plaintiff,        )
                                      )
              v.                      )        Civil Action No. 05-826
                                      )
JEFFREY BEARD, Pennsylvania State     )
Prison Commissioner, et al.,          )
                    Defendants.       )
                                      )

I.        Recommendation

It is respectfully recommended that the second amended complaint in the above-

captioned case (Docket No. 52) be dismissed for plaintiff's failure to prosecute.  It is further

recommended that the motion to dismiss the amended complaint for failure to appear at his

deposition filed by defendant Ravindranath Kolli (Docket No. 106) be dismissed as moot.  It is

further recommended that the motion to dismiss for lack of prosecution filed by defendant Adam

Edelman (Docket No. 108) be dismissed as moot.

II.       Report

Plaintiff, Keith Brown, an inmate formerly incarcerated at the State Correctional

Institution at Fayette ("SCIF") and the State Correctional Institution at Pittsburgh ("SCIP") but

who has since been released from custody, has presented a second amended civil rights

complaint.[1]  Named as defendants are Department of Corrections ("D.O.C.") Commissioner

_____

[1]      This action was originally commenced in the United States District Court for the Middle
District of Pennsylvania on December 8, 2004 and on March 18, 2005, Plaintiff filed an amended
complaint.  On June 17, 2005, the case was transferred to this Court pursuant to 28 U.S.C.
§ 1404(a) since the events about which he complains occurred in this District and all but one of
the defendants resides in this District.  Plaintiff's second amended complaint was filed on
September 28, 2005 (Docket No. 52).

Jeffrey Beard, Dr. Frederick Maue, Dr. Lance Couturier, Dr. Ravindranath Kolli, Dr. Pete

Saavedra, psychologists Gary Gallucci and David Yanak, grievance officer Carol A. Scire and

Dr. Adam Edelman, who is the director of prison health services for the D.O.C.  In the second

amended complaint, Plaintiff alleges that he has a mental health problem and has made several

suicide attempts; that in retaliation for his not accepting a settlement in another case, defendant

Beard directed that he be placed in the Long Term Segregation Unit ("LTSU"); that he explained

to defendant Kolli that because of his mental health problem he could not be placed in the LTSU

and Kolli replied that the D.O.C. could do anything it wanted to do; that on December 5, 2003,[2]

he was placed in the LTSU at which time he explained to defendants Gallucci and Kolli that it

was improper to house him in that unit since it is isolated and does not provide psychiatric help;

that he explained to Gallucci and Kolli that he was experiencing anxiety attacks and hallucinating

and they ignored his pleas; that on June 25, 2003 he again attempted to commit suicide; that

despite his pleas, in violation of D.O.C. policy, defendant Kolli refused to house him in the

prison hospital; that on June 27, 2003, he was provided a shaving razor by officer Pretrosky and

again attempted to commit suicide in front of officers Blakey and Bersy; that when he was

returned from the hospital, he was restrained resulting in extreme pain which lasted all night until

R.N. Bell called the security personnel to loosen the restraints; that again defendants Kolli and

Gallucci refused to move him to the mental health unit of the facility; that he was retained in the

LTSU by defendants Kolli, Gallucci, Maue, Couturier and Beard because he is black; that when

Judge Rambo of the Middle District of Pennsylvania inquired as to why he was not being housed

---

[2]     From the nature of the complaint, it would appear that this housing occurred in 2002 and
not 2003 as stated in the second amended complaint.

in an observation cell, Kolli related that there was no room in the observation cell and as a result Judge Rambo approved his continued housing in the LTSU; that on December 10, 2003, he spoke to defendant Maue and explained his need to be moved to the mental health unit; that on January 1, 2004, he was transferred from SCIP to the LTSU at SCIF where he was seen by defendants Saavedra, Gallucci and Yanak to whom he explained his need for alternative housing and who only replied that they could move him to a strip cell within the LTSU; that defendant Couturier, along with defendants Maue, Kolli, Gallucci, Yanak and Saavedra, conspired to deprive him of his lithium medication; that defendant Scire delayed and destroyed his grievances over these mental health issues; that defendant Beard had knowledge of these violations and approved their continuation; and that when he contacted defendant Edelman, who is the Medical Director of the health service, about his problems, Edelman not only ignored his requests but conspired with the others to deprive him of adequate medical attention.  These facts are said to state a cause of action under the provisions of 42 U.S.C. § 1983 and Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

On December 7, 2005, Dr. Kolli filed a motion to take Plaintiff's deposition (Docket No. 91) and this motion was granted on December 9, 2005 (Docket No. 94).  At that time, Plaintiff was still incarcerated.  He subsequently was released from custody and provided an address in Philadelphia, which was placed on the docket: 5341 Greenway Avenue, Philadelphia, PA 19143.

On February 22, 2006, a case management order was entered, directing that discovery be completed by March 31, 2006, that Plaintiff file a pretrial narrative statement by April 15, 2006 and that Defendants file their pretrial narrative statement by April 30, 2006.  (Docket No. 102).  On March 31, 2006, Defendant Adam Edelman filed a motion for extension of time (Docket No.

3

103), which was granted on April 10, 2006. As a result, discovery was to be completed by May 30, 2006, Plaintiff was to file a pretrial narrative statement by June 14, 2006 and Defendants were to file their pretrial narrative statement by June 29, 2006 (Docket No. 104). To date, Plaintiff has not filed his pretrial narrative statement.

On April 20, 2006, Attorney Alan Gold, on behalf of Dr. Kolli, sent a Notice of Deposition of Keith Brown to him at his Philadelphia address, scheduling a deposition for May 19, 2006 at 10:00 a.m. in the offices of Gold & Robins, P.C., 7837 Old York Road, Elkins Park, PA 19027. (Docket No. 107 Ex. D.) On May 15, 2006, Douglas Petrilla, a paralegal with the office of Gold & Robins (representing Dr. Kolli), called the address and left a message. A woman named Edna Brown, Plaintiff's grandmother, returned his call. Petrilla told her that people were traveling to Philadelphia from Pittsburgh to conduct the deposition and he explained to her how Plaintiff could reach the office where the deposition would take place. She indicated that she would make sure that Plaintiff was aware of the scheduled deposition. However, on May 19, 2006, counsel arrived for the deposition at the scheduled time and place and Plaintiff did not appear. (Docket No. 107 Ex. E.)

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)    The extent of the party's personal responsibility.

(2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.[3]

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders which weigh heavily against him. Such compliance was not only Plaintiff's sole personal responsibility, Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002), but his failure to file a pretrial narrative statement and failure to appear for a scheduled deposition appears willful and constitutes a history of dilatoriness.

With respect to the second factor – the prejudice caused to the adversary by the plaintiff's failure to comply with this Court's orders – the defendants have moved to dismiss the case for his failure to prosecute and/or failure to comply with discovery pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. They indicate that his failure to file a narrative statement and to appear for his scheduled deposition has caused them prejudice because the case is ready for dispositive motions, because they cannot prepare their defenses without deposing him and because they cannot respond with their own pretrial narrative statements until they have received his, which would include identification of an expert. Finally, factor No. 6 – the meritoriousness of the claim – will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney,

---

[3]     It is noted that a Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving the district court no option but dismissal. Spain v. Gallegos, 26 F.3d 439, 455-55 (3d Cir. 1994) (citations omitted).

850 F.2d 152, 156 (3d Cir. 1988).

      The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Emerson, 296 F.3d at 191.  Thus, dismissal appears to be the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.

      Because this case should be dismissed for Plaintiff's failure to prosecute, the motions to dismiss filed by Dr. Kolli and Adam Edelman should be dismissed as moot.

      For these reasons, it is recommended that the second amended complaint in the above-captioned case (Docket No. 52) be dismissed for plaintiff's failure to prosecute.  It is further recommended that the motion to dismiss the amended complaint for failure to appear at his deposition filed by defendant Ravindranath Kolli (Docket No. 106) be dismissed as moot.  It is further recommended that the motion to dismiss for lack of prosecution filed by defendant Adam Edelman (Docket No. 108) be dismissed as moot.

      Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: June 29, 2006

6

cc:     Keith Brown
        5341 Greenway Avenue
        Philadelphia, PA 19143